

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF BRONX
==========================================X

AWILDA VIVES,

                    Plaintiff,              SUMMONS

        -against-

DOLLAR TREE STORES, INC., DOLLAR TREE, INC.,
and ABC CORPORATIONS 1-5, *fictitious names whose*
*present identities are unknown that may also be responsible*
*for the maintenance of the premises*),

                    Defendants.
==========================================X

        Plaintiff designates Bronx County as the place of trial based upon the Plaintiff's residence
at 828 East 165th Street, Bronx, New York.

To the above-named Defendants:

        YOU ARE HEREBY SUMMONED to answer the Complaint in this action and to serve a
copy of your Answer, or, if the Complaint is not served with this Summons, to serve a Notice of
Appearance on the Plaintiff's Attorneys within 20 days after the service of this Summons,
exclusive of the day of service (or within 30 days after the service is complete if this Summons is
not personally delivered to you within the State of New York). In case of your failure to appear
or answer, judgment will be taken against you by default for the relief demanded herein.

Dated: April 1, 2021
        Garden City, New York

                                    _____
                                    Paul Ajlouny & Associates, P.C.
                                    By: Paul Ajlouny, Esq.
                                    320 Old Country Road, Suite 205
                                    Garden City, New York 11530
                                    (516) 535-5555

Defendants' Addresses:

**VIA SECRETARY OF STATE**
DOLLAR TREE STORES, INC.
c/o Corporation Service Company
80 State Street
Albany New York 12207

DOLLAR TREE STORES, INC.
Attn: Michael Witynski
500 Volvo Parkway
Chesapeake, Virginia 23320

DOLLAR TREE, INC.
500 Volvo Parkway
Chesapeake, Virginia 23320

DOLLAR TREE STORES, INC.
191 North Avenue, Suite 194
Dunellen, New Jersey 08812

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF BRONX
=========================================X
AWILDA VIVES,

                      Plaintiff,                  VERIFIED COMPLAINT

      -against-

DOLLAR TREE STORES, INC., DOLLAR TREE, INC.,
and ABC CORPORATIONS 1-5, *fictitious names whose
present identities are unknown that may also be responsible
for the maintenance of the premises*),

                      Defendants.
=========================================X

      Plaintiff, by her attorneys, PAUL AJLOUNY & ASSOCIATES, P.C., complaining of the

defendants above named, respectfully alleges as follows:

      1.      At all times relevant, the Plaintiff resides in the County of Bronx, State of New

York.

### AS AND FOR THE FIRST CAUSE OF ACTION

      2.      Plaintiff repeats, realleges and reiterates the allegation contained in paragraph "1"

inclusive, with the same force and effect as though set forth fully at length herein.

      3.      That all times hereinafter mentioned, Defendant, DOLLAR TREE STORES,

INC.'s principal place of business is in New York County and State of New York.

      4.      That all times hereinafter mentioned, Defendant, DOLLAR TREE STORES, INC.

was and still is a foreign business corporation, duly organized and existing under and by virtue of

the laws of the State of New York.

      5.      That all times hereinafter mentioned, Defendant DOLLAR TREE STORES, INC.

was a partnership authorized to do business in the State of New York.

      6.      That all times hereinafter mentioned, Defendant, DOLLAR TREE STORES, INC.



was a franchise authorized to do business in the State of New York.

7.     At all times hereinafter alleged, the Defendant, DOLLAR TREE STORES, INC., was a domestic corporation duly licensed to do business under the laws of the State of New York.

8.     At all times hereinafter mentioned, the Defendant, DOLLAR TREE STORES, INC., transacted business within the State of New York; regularly did solicited business within the State of New York or engaged in other persistent courses, conduct and/or derived substantial revenue from goods used or consumed or services rendered in the State of New York and expected or should have reasonably expected its acts to have consequences within the State of New York and/or derived substantial revenue from interstate or international commerce.

9.     That all times hereinafter mentioned, and for many years prior thereto, defendant DOLLAR TREE STORES, INC., was and still engages in the retail operations in the County of Bronx and State of New York.

10.    That all times hereinafter mentioned, Defendant, DOLLAR TREE STORES, INC., was and still is conducting business as a retail supermarket for the public patronage at a location with an address commonly known and designated as 925 Hunts Point Avenue, in the County of Bronx and State of New York.

11.    That all times hereinafter mentioned, and for many years prior thereto, defendant DOLLAR TREE STORES, INC., was and still is conducting business as a retail supermarket that was open and/or invited members of the public, including Plaintiff, to be its customers and patrons at a location with an address commonly known and designated as 925 Hunts Point Avenue, in the County of Bronx and State of New York.

12.    That at all times herein mentioned, the defendant DOLLAR TREE STORES, INC., owned a certain premise with an address commonly known and designated as 925 Hunts Point

INDEX NO. 80448



NYSCEF. NO. 1    Case 1:21-cv-03871-AJN   Document 1-1   Filed 04/30/21   Page 5 of 26   RECEIVED NYSCEF: 01/2

Avenue, in the County of Bronx and State of New York.

13.    That at all times herein mentioned, the defendant DOLLAR TREE STORES, INC., was a lessor of a certain premises with an address commonly known and designated as 925 Hunts Point Avenue, in the County of Bronx and State of New York.

14.    That at all times herein mentioned, the defendant DOLLAR TREE STORES, INC., was a lessee of a certain premises with an address commonly known and designated as 925 Hunts Point Avenue, in the County of Bronx and State of New York.

15.    That at all times herein mentioned, the defendant DOLLAR TREE STORES, INC., through its agents, servants, contractors and/or employees, operated a certain premises, with an address commonly known and designated as 925 Hunts Point Avenue, in the County of Bronx and State of New York.

16.    That at all times herein mentioned, the defendant DOLLAR TREE STORES, INC., through its agents, servants, contractors and/or employees, maintained a certain premises, with an address commonly known and designated as 925 Hunts Point Avenue, in the County of Bronx and State of New York.

17.    That at all times herein mentioned, the defendant DOLLAR TREE STORES, INC., through its agents, servants, contractors and/or employees, managed a certain premises, with an address commonly known and designated as 925 Hunts Point Avenue, in the County of Bronx and State of New York.

18.    That at all times herein mentioned, the defendant DOLLAR TREE STORES, INC., through its agents, servants, contractors and/or employees, controlled a certain premises, with an address commonly known and designated as 925 Hunts Point Avenue, in the County of Bronx and State of New York.



19.    That at all times herein mentioned, the defendant DOLLAR TREE STORES, INC., through its agents, servants, contractors and/or employees, supervised a certain premises, with an address commonly known and designated as 925 Hunts Point Avenue, in the County of Bronx and State of New York.

20.    That at all times herein mentioned, the defendant DOLLAR TREE STORES, INC., through its agents, servants, contractors and/or employees, repaired a certain premises, with an address commonly known and designated as 925 Hunts Point Avenue, in the County of Bronx and State of New York.

21.    That at all times herein mentioned, the defendant DOLLAR TREE STORES, INC., through its agents, servants, contractors and/or employees, possessed a certain premises, with an address commonly known and designated as 925 Hunts Point Avenue, in the County of Bronx and State of New York.

22.    That at all times herein mentioned, the defendant DOLLAR TREE STORES, INC., through its agents, servants, contractors and/or employees, inspected a certain premises, with an address commonly known and designated as 925 Hunts Point Avenue, in the County of Bronx and State of New York.

23.    That at all times herein mentioned, the defendant DOLLAR TREE STORES, INC., through its agents, servants, contractors and/or employees, hired all personnel related to employment at a certain premises, with an address commonly known and designated as 925 Hunts Point Avenue, in the County of Bronx and State of New York.

24.    That at all times herein mentioned, the defendant DOLLAR TREE STORES, INC., through its agents, servants, contractors and/or employees, hired all contractors related to a certain premises, with an address commonly known and designated as 925 Hunts Point Avenue, in the



County of Bronx and State of New York.

25.    That at all times hereinafter alleged, the defendant, DOLLAR TREE STORES, INC., owned a certain supermarket known as "**Dollar Tree**" located at an address commonly known and designated as 925 Hunts Point Avenue, in the County of Bronx and State of New York.

26.    That at all times hereinafter alleged, Defendant, DOLLAR TREE STORES, INC., through its agents, servants, contractors and/or employees, operated a certain supermarket known as "**Dollar Tree**" with an address commonly known and designated as 925 Hunts Point Avenue, in the County of Bronx and State of New York.

27.    That at all times hereinafter alleged, Defendant, DOLLAR TREE STORES, INC., through its agents, servants, contractors and/or employees, managed a certain supermarket known as "**Dollar Tree**" with an address commonly known and designated as 925 Hunts Point Avenue, in the County of Bronx and State of New York.

28.    That at all times hereinafter alleged, Defendant, DOLLAR TREE STORES, INC., through its agents, servants, contractors and/or employees, maintained a certain supermarket known as "**Dollar Tree**" with an address commonly known and designated as 925 Hunts Point Avenue, in the County of Bronx and State of New York.

29.    That at all times hereinafter alleged, Defendant, DOLLAR TREE STORES, INC., through its agents, servants, contractors and/or employees, controlled a certain supermarket known as "**Dollar Tree**" with an address commonly known and designated as 925 Hunts Point Avenue, in the County of Bronx and State of New York.

30.    That at all times hereinafter alleged, Defendant, DOLLAR TREE STORES, INC., through its agents, servants, contractors and/or employees, supervised a certain supermarket known as "**Dollar Tree**" with an address commonly known and designated as 925 Hunts Point



Avenue, in the County of Bronx and State of New York.

31.    That at all times hereinafter alleged, Defendant, DOLLAR TREE STORES, INC., through its agents, servants, contractors and/or employees, repaired a certain supermarket known as "**Dollar Tree**" with an address commonly known and designated as 925 Hunts Point Avenue, in the County of Bronx and State of New York.

32.    That at all times hereinafter alleged, Defendant, DOLLAR TREE STORES, INC., through its agents, servants, contractors and/or employees, possessed a certain supermarket known as "**Dollar Tree**" with an address commonly known and designated as 925 Hunts Point Avenue, in the County of Bronx and State of New York.

33.    That at all times hereinafter alleged, Defendant, DOLLAR TREE STORES, INC., through its agents, servants, contractors and/or employees, inspected a certain supermarket known as "**Dollar Tree**" with an address commonly known and designated as 925 Hunts Point Avenue, in the County of Bronx and State of New York.

34.    That at all times hereinafter alleged, Defendant, DOLLAR TREE STORES, INC., through its agents, servants, contractors and/or employees, hired all personnel related to employment at a certain supermarket known as "**Dollar Tree**" with an address commonly known and designated as 925 Hunts Point Avenue, in the County of Bronx and State of New York.

35.    The Defendant, DOLLAR TREE STORES, INC., was at all times under the duty to give Plaintiff a reasonably safe passage and a reasonably safe place to walk upon.

36.    That upon information and belief, the Defendant, DOLLAR TREE STORES, INC., through its agents, servants, contractors and/or employees had the responsibility to hire agents and/or servants to maintain, inspect the supermarket and/or premises correct and/or remove any and all dangerous hazardous and unsafe conditions thereat.



37.     That upon information and belief, Defendant, DOLLAR TREE STORES, INC., had the obligation to maintain the premises, specifically the aisle of the aforesaid supermarket, free from hazards to ensure customers and patrons safely.

38.     That upon information and belief, the Defendant, DOLLAR TREE STORES, INC., had the non-delegable duty to correct and/or remove any and all unsafe dangerous and hazardous conditions, that constituted an inherently unsafe premises for customers, patrons and invitees, including the Plaintiff.

39.     That at all times herein mentioned, Plaintiff was lawfully on the premises.

40.     That at all times hereinafter mentioned, it was the duty of the defendant, DOLLAR TREE STORES, INC., its agents, servants and/or employees to keep and maintain the premises in a reasonable safe condition and free from hazards, nuisances, and other dangerous conditions, so as not to endanger the lives and/or safety of those who lawfully use them.

41.     That upon information and belief, at all times herein mentioned, the Defendant had or should have had actual and constructive notice of said dangerous condition.

42.     That on September 13, 2020, at the aforesaid premises, Plaintiff, was caused to be seriously injured as a result of a dangerous condition on the premises.

43.     That as a result of the foregoing, Plaintiff was seriously injured.

44.     That said incident was caused solely as a result of the Defendant's negligence, carelessness, and recklessness, and without any negligence, carelessness, and recklessness whatsoever on the part of the Plaintiff.

45.     That as a result of said incident, and the Defendant' negligence, carelessness, and recklessness as described herein, Plaintiff sustained serious, protracted and permanent personal injuries, was rendered sick, sore, lame and disabled; was confined to bed and home; has been and



will be prevented from attending her usual duties, did seek and still seeks medical attention and aid, has incurred and will incur great expense for medical care and attention, and sustained other injuries and damages.

46.     That as a result of said incident, the serious injuries sustained by Plaintiff were as a direct and proximate result and consequences of the negligent, careless and disregard for the well-being of Plaintiff by the Defendant; in failing to properly own, lease, operate, maintain, manage, control, supervise, repair, possess, inspect and hire personnel and contractors at the premises; in being liable under the applicable provisions of Administrative Codes; in being liable under the doctrine of res ispsa loquitor and in otherwise causing the damages sustained by the Plaintiff.

47.     That as a result of the foregoing, Plaintiff has been damaged in a sum that exceeds the jurisdiction of all lower Courts and is within the jurisdiction of the court.

48.      That this action falls within one or more of the exceptions set forth in CPLR 1602.

49.     That as a consequence of the above, Plaintiff has sustained damages in an amount exceeding the jurisdictional limitations of all lower courts which would have jurisdiction over this case.

### AS AND FOR THE SECOND CAUSE OF ACTION

50.     Plaintiff repeats, realleges and reiterates all allegations set forth in paragraphs "1" through "49", inclusively as though they were herein set forth in full.

51.     That all times hereinafter mentioned, Defendant, DOLLAR TREE, INC.'s principal place of business is in New York County and State of New York.

52.     That all times hereinafter mentioned, Defendant, DOLLAR TREE, INC. was and still is a foreign business corporation, duly organized and existing under and by virtue of the laws of the State of New York.

53.     That all times hereinafter mentioned, Defendant DOLLAR TREE, INC. was a partnership authorized to do business in the State of New York.

54.     That all times hereinafter mentioned, Defendant, DOLLAR TREE, INC. was a franchise authorized to do business in the State of New York.

55.     At all times hereinafter alleged, the Defendant, DOLLAR TREE, INC., was a domestic corporation duly licensed to do business under the laws of the State of New York.

56.     At all times hereinafter mentioned, the Defendant, DOLLAR TREE, INC., transacted business within the State of New York; regularly did solicited business within the State of New York or engaged in other persistent courses, conduct and/or derived substantial revenue from goods used or consumed or services rendered in the State of New York and expected or should have reasonably expected its acts to have consequences within the State of New York and/or derived substantial revenue from interstate or international commerce.

57.     That all times hereinafter mentioned, and for many years prior thereto, defendant DOLLAR TREE, INC., was and still engages in the retail operations in the County of Bronx and State of New York.

58.     That all times hereinafter mentioned, Defendant, DOLLAR TREE, INC., was and still is conducting business as a retail supermarket for the public patronage at a location with an address commonly known and designated as 925 Hunts Point Avenue, in the County of Bronx and State of New York.

59.     That all times hereinafter mentioned, and for many years prior thereto, defendant



DOLLAR TREE, INC., was and still is conducting business as a retail supermarket that was open and/or invited members of the public, including Plaintiff, to be its customers and patrons at a location with an address commonly known and designated as 925 Hunts Point Avenue, in the County of Bronx and State of New York.

60.    That at all times herein mentioned, the defendant DOLLAR TREE, INC., owned a certain premise with an address commonly known and designated as 925 Hunts Point Avenue, in the County of Bronx and State of New York.

61.    That at all times herein mentioned, the defendant DOLLAR TREE, INC., was a lessor of a certain premises with an address commonly known and designated as 925 Hunts Point Avenue, in the County of Bronx and State of New York.

62.    That at all times herein mentioned, the defendant DOLLAR TREE, INC., was a lessee of a certain premises with an address commonly known and designated as 925 Hunts Point Avenue, in the County of Bronx and State of New York.

63.    That at all times herein mentioned, the defendant DOLLAR TREE, INC., through its agents, servants, contractors and/or employees, operated a certain premises, with an address commonly known and designated as 925 Hunts Point Avenue, in the County of Bronx and State of New York.

64.    That at all times herein mentioned, the defendant DOLLAR TREE, INC., through its agents, servants, contractors and/or employees, maintained a certain premises, with an address commonly known and designated as 925 Hunts Point Avenue, in the County of Bronx and State of New York.

65.    That at all times herein mentioned, the defendant DOLLAR TREE, INC., through its agents, servants, contractors and/or employees, managed a certain premises, with an address

commonly known and designated as 925 Hunts Point Avenue, in the County of Bronx and State of New York.

66.    That at all times herein mentioned, the defendant DOLLAR TREE, INC., through its agents, servants, contractors and/or employees, controlled a certain premises, with an address commonly known and designated as 925 Hunts Point Avenue, in the County of Bronx and State of New York.

67.    That at all times herein mentioned, the defendant DOLLAR TREE, INC., through its agents, servants, contractors and/or employees, supervised a certain premises, with an address commonly known and designated as 925 Hunts Point Avenue, in the County of Bronx and State of New York.

68.    That at all times herein mentioned, the defendant DOLLAR TREE, INC., through its agents, servants, contractors and/or employees, repaired a certain premises, with an address commonly known and designated as 925 Hunts Point Avenue, in the County of Bronx and State of New York.

69.    That at all times herein mentioned, the defendant DOLLAR TREE, INC., through its agents, servants, contractors and/or employees, possessed a certain premises, with an address commonly known and designated as 925 Hunts Point Avenue, in the County of Bronx and State of New York.

70.    That at all times herein mentioned, the defendant DOLLAR TREE, INC., through its agents, servants, contractors and/or employees, inspected a certain premises, with an address commonly known and designated as 925 Hunts Point Avenue, in the County of Bronx and State of New York.

71.    That at all times herein mentioned, the defendant DOLLAR TREE, INC., through



its agents, servants, contractors and/or employees, hired all personnel related to employment at a certain premises, with an address commonly known and designated as 925 Hunts Point Avenue, in the County of Bronx and State of New York.

72.     That at all times herein mentioned, the defendant DOLLAR TREE, INC., through its agents, servants, contractors and/or employees, hired all contractors related to a certain premises, with an address commonly known and designated as 925 Hunts Point Avenue, in the County of Bronx and State of New York.

73.     That at all times hereinafter alleged, the defendant, DOLLAR TREE, INC., owned a certain supermarket known as "**Dollar Tree**" located at an address commonly known and designated as 925 Hunts Point Avenue, in the County of Bronx and State of New York.

74.     That at all times hereinafter alleged, Defendant, DOLLAR TREE, INC., through its agents, servants, contractors and/or employees, operated a certain supermarket known as "**Dollar Tree**" with an address commonly known and designated as 925 Hunts Point Avenue, in the County of Bronx and State of New York.

75.     That at all times hereinafter alleged, Defendant, DOLLAR TREE, INC., through its agents, servants, contractors and/or employees, managed a certain supermarket known as "**Dollar Tree**" with an address commonly known and designated as 925 Hunts Point Avenue, in the County of Bronx and State of New York.

76.     That at all times hereinafter alleged, Defendant, DOLLAR TREE, INC., through its agents, servants, contractors and/or employees, maintained a certain supermarket known as "**Dollar Tree**" with an address commonly known and designated as 925 Hunts Point Avenue, in the County of Bronx and State of New York.

77.     That at all times hereinafter alleged, Defendant, DOLLAR TREE, INC., through



its agents, servants, contractors and/or employees, controlled a certain supermarket known as "**Dollar Tree**" with an address commonly known and designated as 925 Hunts Point Avenue, in the County of Bronx and State of New York.

78.    That at all times hereinafter alleged, Defendant, DOLLAR TREE, INC., through its agents, servants, contractors and/or employees, supervised a certain supermarket known as "**Dollar Tree**" with an address commonly known and designated as 925 Hunts Point Avenue, in the County of Bronx and State of New York.

79.    That at all times hereinafter alleged, Defendant, DOLLAR TREE, INC., through its agents, servants, contractors and/or employees, repaired a certain supermarket known as "**Dollar Tree**" with an address commonly known and designated as 925 Hunts Point Avenue, in the County of Bronx and State of New York.

80.    That at all times hereinafter alleged, Defendant, DOLLAR TREE, INC., through its agents, servants, contractors and/or employees, possessed a certain supermarket known as "**Dollar Tree**" with an address commonly known and designated as 925 Hunts Point Avenue, in the County of Bronx and State of New York.

81.    That at all times hereinafter alleged, Defendant, DOLLAR TREE, INC., through its agents, servants, contractors and/or employees, inspected a certain supermarket known as "**Dollar Tree**" with an address commonly known and designated as 925 Hunts Point Avenue, in the County of Bronx and State of New York.

82.    That at all times hereinafter alleged, Defendant, DOLLAR TREE, INC., through its agents, servants, contractors and/or employees, hired all personnel related to employment at a certain supermarket known as "**Dollar Tree**" with an address commonly known and designated as 925 Hunts Point Avenue, in the County of Bronx and State of New York.



83.     The Defendant, DOLLAR TREE, INC., was at all times under the duty to give Plaintiff a reasonably safe passage and a reasonably safe place to walk upon.

84.     That upon information and belief, the Defendant, DOLLAR TREE, INC., through its agents, servants, contractors and/or employees had the responsibility to hire agents and/or servants to maintain, inspect the supermarket and/or premises correct and/or remove any and all dangerous hazardous and unsafe conditions thereat.

85.     That upon information and belief, Defendant, DOLLAR TREE, INC., had the obligation to maintain the premises, specifically the aisle of the aforesaid supermarket, free from hazards to ensure customers and patrons safely.

86.     That upon information and belief, the Defendant, DOLLAR TREE, INC., had the non-delegable duty to correct and/or remove any and all unsafe dangerous and hazardous conditions, that constituted an inherently unsafe premises for customers, patrons and invitees, including the Plaintiff.

87.     That at all times herein mentioned, Plaintiff was lawfully on the premises.

88.     That at all times hereinafter mentioned, it was the duty of the defendant, DOLLAR TREE, INC., its agents, servants and/or employees to keep and maintain the premises in a reasonable safe condition and free from hazards, nuisances, and other dangerous conditions, so as not to endanger the lives and/or safety of those who lawfully use them.

89.     That upon information and belief, at all times herein mentioned, the Defendant had or should have had actual and constructive notice of said dangerous condition.

90.     That on September 13, 2020, at the aforesaid premises, Plaintiff, was caused to be seriously injured as a result of a dangerous condition on the premises.

91.     That as a result of the foregoing, Plaintiff was seriously injured.

92.     That said incident was caused solely as a result of the Defendant's negligence, carelessness, and recklessness, and without any negligence, carelessness, and recklessness whatsoever on the part of the Plaintiff.

93.     That as a result of said incident, and the Defendant' negligence, carelessness, and recklessness as described herein, Plaintiff sustained serious, protracted and permanent personal injuries, was rendered sick, sore, lame and disabled; was confined to bed and home; has been and will be prevented from attending her usual duties, did seek and still seeks medical attention and aid, has incurred and will incur great expense for medical care and attention, and sustained other injuries and damages.

94.     That as a result of said incident, the serious injuries sustained by Plaintiff were as a direct and proximate result and consequences of the negligent, careless and disregard for the well-being of Plaintiff by the Defendant; in failing to properly own, lease, operate, maintain, manage, control, supervise, repair, possess, inspect and hire personnel and contractors at the premises; in being liable under the applicable provisions of Administrative Codes; in being liable under the doctrine of res ispsa loquitor and in otherwise causing the damages sustained by the Plaintiff.

95.     That as a result of the foregoing, Plaintiff has been damaged in a sum that exceeds the jurisdiction of all lower Courts and is within the jurisdiction of the court.

96.     That this action falls within one or more of the exceptions set forth in CPLR 1602.

97.     That as a consequence of the above, Plaintiff has sustained damages in an amount exceeding the jurisdictional limitations of all lower courts which would have jurisdiction over this case.

INDEX NO. 804480


Case 1:21-cv-03871-AJN   Document 1-1   Filed 04/30/21   Page 18 of 26

RECEIVED NYSCEF: 01/2...

## AS AND FOR THE THIRD CAUSE OF ACTION

98.     Plaintiff repeats, realleges and reiterates all allegations set forth in paragraphs "1"

through "97", inclusively as though they were herein set forth in full.

99.     That all times hereinafter mentioned, Defendant, ABC CORPORATIONS 1-5,

*fictitious names whose present identities are unknown that may also be responsible for the*

*maintenance of the premises* ("ABC CORPORATIONS 1-5")'s principal place of business is in

New York County and State of New York.

1.     That all times hereinafter mentioned, Defendant, ABC CORPORATIONS was and

still is a foreign business corporation, duly organized and existing under and by virtue of the laws

of the State of New York.

2.     That all times hereinafter mentioned, Defendant ABC CORPORATIONS was a

partnership authorized to do business in the State of New York.

3.     That all times hereinafter mentioned, Defendant, ABC CORPORATIONS was a

franchise authorized to do business in the State of New York.

4.     At all times hereinafter alleged, the Defendant, ABC CORPORATIONS, was a

domestic corporation duly licensed to do business under the laws of the State of New York.

5.     At all times hereinafter mentioned, the Defendant, ABC CORPORATIONS,

transacted business within the State of New York; regularly did solicited business within the State

of New York or engaged in other persistent courses, conduct and/or derived substantial revenue

from goods used or consumed or services rendered in the State of New York and expected or

should have reasonably expected its acts to have consequences within the State of New York

and/or derived substantial revenue from interstate or international commerce.

6.     That all times hereinafter mentioned, and for many years prior thereto, defendant



ABC CORPORATIONS, was and still engages in the retail operations in the County of Bronx and State of New York.

7.    That all times hereinafter mentioned, Defendant, ABC CORPORATIONS, was and still is conducting business as a retail supermarket for the public patronage at a location with an address commonly known and designated as 925 Hunts Point Avenue, in the County of Bronx and State of New York.

8.    That all times hereinafter mentioned, and for many years prior thereto, defendant ABC CORPORATIONS, was and still is conducting business as a retail supermarket that was open and/or invited members of the public, including Plaintiff, to be its customers and patrons at a location with an address commonly known and designated as 925 Hunts Point Avenue, in the County of Bronx and State of New York.

9.    That at all times herein mentioned, the defendant ABC CORPORATIONS, owned a certain premise with an address commonly known and designated as 925 Hunts Point Avenue, in the County of Bronx and State of New York.

10.    That at all times herein mentioned, the defendant ABC CORPORATIONS, was a lessor of a certain premises with an address commonly known and designated as 925 Hunts Point Avenue, in the County of Bronx and State of New York.

11.    That at all times herein mentioned, the defendant ABC CORPORATIONS, was a lessee of a certain premises with an address commonly known and designated as 925 Hunts Point Avenue, in the County of Bronx and State of New York.

12.    That at all times herein mentioned, the defendant ABC CORPORATIONS, through its agents, servants, contractors and/or employees, operated a certain premises, with an address commonly known and designated as 925 Hunts Point Avenue, in the County of Bronx and State



of New York.

      13.      That at all times herein mentioned, the defendant ABC CORPORATIONS, through its agents, servants, contractors and/or employees, maintained a certain premises, with an address commonly known and designated as 925 Hunts Point Avenue, in the County of Bronx and State of New York.

      14.      That at all times herein mentioned, the defendant ABC CORPORATIONS, through its agents, servants, contractors and/or employees, managed a certain premises, with an address commonly known and designated as 925 Hunts Point Avenue, in the County of Bronx and State of New York.

      15.      That at all times herein mentioned, the defendant ABC CORPORATIONS, through its agents, servants, contractors and/or employees, controlled a certain premises, with an address commonly known and designated as 925 Hunts Point Avenue, in the County of Bronx and State of New York.

      16.      That at all times herein mentioned, the defendant ABC CORPORATIONS, through its agents, servants, contractors and/or employees, supervised a certain premises, with an address commonly known and designated as 925 Hunts Point Avenue, in the County of Bronx and State of New York.

      17.      That at all times herein mentioned, the defendant ABC CORPORATIONS, through its agents, servants, contractors and/or employees, repaired a certain premises, with an address commonly known and designated as 925 Hunts Point Avenue, in the County of Bronx and State of New York.

      18.      That at all times herein mentioned, the defendant ABC CORPORATIONS, through its agents, servants, contractors and/or employees, possessed a certain premises, with an address

INDEX NO. 80448
NYSCEF. NO. 1                                                                    RECEIVED NYSCEF: 01/2

Case 1.21-cv-03871-AJN   Document 1-1   Filed 04/30/21   Page 21 of 26



commonly known and designated as 925 Hunts Point Avenue, in the County of Bronx and State of New York.

19.     That at all times herein mentioned, the defendant ABC CORPORATIONS, through its agents, servants, contractors and/or employees, inspected a certain premises, with an address commonly known and designated as 925 Hunts Point Avenue, in the County of Bronx and State of New York.

20.     That at all times herein mentioned, the defendant ABC CORPORATIONS, through its agents, servants, contractors and/or employees, hired all personnel related to employment at a certain premises, with an address commonly known and designated as 925 Hunts Point Avenue, in the County of Bronx and State of New York.

21.     That at all times herein mentioned, the defendant ABC CORPORATIONS, through its agents, servants, contractors and/or employees, hired all contractors related to a certain premises, with an address commonly known and designated as 925 Hunts Point Avenue, in the County of Bronx and State of New York.

22.     That at all times hereinafter alleged, the defendant, ABC CORPORATIONS, owned a certain supermarket known as "**Dollar Tree**" located at an address commonly known and designated as 925 Hunts Point Avenue, in the County of Bronx and State of New York.

23.     That at all times hereinafter alleged, Defendant, ABC CORPORATIONS, through its agents, servants, contractors and/or employees, operated a certain supermarket known as "**Dollar Tree**" with an address commonly known and designated as 925 Hunts Point Avenue, in the County of Bronx and State of New York.

24.     That at all times hereinafter alleged, Defendant, ABC CORPORATIONS, through its agents, servants, contractors and/or employees, managed a certain supermarket known as



"**Dollar Tree**" with an address commonly known and designated as 925 Hunts Point Avenue, in the County of Bronx and State of New York.

25.     That at all times hereinafter alleged, Defendant, ABC CORPORATIONS, through its agents, servants, contractors and/or employees, maintained a certain supermarket known as "**Dollar Tree**" with an address commonly known and designated as 925 Hunts Point Avenue, in the County of Bronx and State of New York.

26.     That at all times hereinafter alleged, Defendant, ABC CORPORATIONS, through its agents, servants, contractors and/or employees, controlled a certain supermarket known as "**Dollar Tree**" with an address commonly known and designated as 925 Hunts Point Avenue, in the County of Bronx and State of New York.

27.     That at all times hereinafter alleged, Defendant, ABC CORPORATIONS, through its agents, servants, contractors and/or employees, supervised a certain supermarket known as "**Dollar Tree**" with an address commonly known and designated as 925 Hunts Point Avenue, in the County of Bronx and State of New York.

28.     That at all times hereinafter alleged, Defendant, ABC CORPORATIONS, through its agents, servants, contractors and/or employees, repaired a certain supermarket known as "**Dollar Tree**" with an address commonly known and designated as 925 Hunts Point Avenue, in the County of Bronx and State of New York.

29.     That at all times hereinafter alleged, Defendant, ABC CORPORATIONS, through its agents, servants, contractors and/or employees, possessed a certain supermarket known as "**Dollar Tree**" with an address commonly known and designated as 925 Hunts Point Avenue, in the County of Bronx and State of New York.

30.     That at all times hereinafter alleged, Defendant, ABC CORPORATIONS, through



its agents, servants, contractors and/or employees, inspected a certain supermarket known as "**Dollar Tree**" with an address commonly known and designated as 925 Hunts Point Avenue, in the County of Bronx and State of New York.

31.     That at all times hereinafter alleged, Defendant, ABC CORPORATIONS, through its agents, servants, contractors and/or employees, hired all personnel related to employment at a certain supermarket known as "**Dollar Tree**" with an address commonly known and designated as 925 Hunts Point Avenue, in the County of Bronx and State of New York.

32.     The Defendant, ABC CORPORATIONS, was at all times under the duty to give Plaintiff a reasonably safe passage and a reasonably safe place to walk upon.

33.     That upon information and belief, the Defendant, ABC CORPORATIONS, through its agents, servants, contractors and/or employees had the responsibility to hire agents and/or servants to maintain, inspect the supermarket and/or premises correct and/or remove any and all dangerous hazardous and unsafe conditions thereat.

34.     That upon information and belief, Defendant, ABC CORPORATIONS, had the obligation to maintain the premises, specifically the aisle of the aforesaid supermarket, free from hazards to ensure customers and patrons safely.

35.     That upon information and belief, the Defendant, ABC CORPORATIONS, had the non-delegable duty to correct and/or remove any and all unsafe dangerous and hazardous conditions, that constituted an inherently unsafe premises for customers, patrons and invitees, including the Plaintiff.

36.     That at all times herein mentioned, Plaintiff was lawfully on the premises.

37.     That at all times hereinafter mentioned, it was the duty of the defendant, ABC CORPORATIONS, its agents, servants and/or employees to keep and maintain the premises in a



reasonable safe condition and free from hazards, nuisances, and other dangerous conditions, so as not to endanger the lives and/or safety of those who lawfully use them.

38.    That upon information and belief, at all times herein mentioned, the Defendant had or should have had actual and constructive notice of said dangerous condition.

39.    That on September 13, 2020, at the aforesaid premises, Plaintiff, was caused to be seriously injured as a result of a dangerous condition on the premises.

40.    That as a result of the foregoing, Plaintiff was seriously injured.

41.    That said incident was caused solely as a result of the Defendant's negligence, carelessness, and recklessness, and without any negligence, carelessness, and recklessness whatsoever on the part of the Plaintiff.

42.    That as a result of said incident, and the Defendant' negligence, carelessness, and recklessness as described herein, Plaintiff sustained serious, protracted and permanent personal injuries, was rendered sick, sore, lame and disabled; was confined to bed and home; has been and will be prevented from attending her usual duties, did seek and still seeks medical attention and aid, has incurred and will incur great expense for medical care and attention, and sustained other injuries and damages.

43.    That as a result of said incident, the serious injuries sustained by Plaintiff were as a direct and proximate result and consequences of the negligent, careless and disregard for the well-being of Plaintiff by the Defendant; in failing to properly own, lease, operate, maintain, manage, control, supervise, repair, possess, inspect and hire personnel and contractors at the premises; in being liable under the applicable provisions of Administrative Codes; in being liable under the doctrine of <u>res ispsa loquitor</u> and in otherwise causing the damages sustained by the Plaintiff.

Case 1:21-cv-03871-AJN   Document 1-1   Filed 04/30/21   Page 25 of 26

44.    That as a result of the foregoing, Plaintiff has been damaged in a sum that exceeds the jurisdiction of all lower Courts and is within the jurisdiction of the court.

45.    That this action falls within one or more of the exceptions set forth in CPLR 1602.

46.    That as a consequence of the above, Plaintiff has sustained damages in an amount exceeding the jurisdictional limitations of all lower courts which would have jurisdiction over this case.

**WHEREFORE**, Plaintiff respectfully demands judgment in an amount that exceeds the jurisdiction of the lower courts, together with costs and disbursements of this action.

Dated: April 1, 2021
Garden City, New York

Paul Ajlouny & Associates, P.C.
By: Paul Ajlouny, Esq.
320 Old Country Road, Suite 205
Garden City, New York 11530
(516) 535-5555

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF BRONX
==========================================X
AWILDA VIVES,

                        Plaintiff,                      ATTORNEY'S
                                                        VERIFICATION

       -against-

DOLLAR TREE STORES, INC., DOLLAR TREE, INC.,
And ABC CORPORATIONS,

                      Defendants.
==========================================X

     I have read the annexed Summons and Complaint and know the contents thereof, and the

same are true to my knowledge, except for those matters therein stated upon information and belief,

and as to those matters, I believe them to be true. The reason I make this verification instead of

the Plaintiff herein is that said Plaintiff is temporarily unavailable within the County where I

maintain my office.

Dated: April 1, 2021
       Garden City, New York

                                        Paul Ajlouny, Esq.

